IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID A. GONZALES,

    Plaintiff,

v.                                          No. 15-CV-0378 MCA/KBM

BERNALILLO COUNTY DISTRICT
COURT, et al.

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's post-closure *Motion to: Ultimately be Addressed by Panel About Disbursement of Partial Payments for Filing Fee from Earned Income from Plaintiff Prison Account*.[1] [Doc. 27] The Court, having considered the submission, the relevant law, and otherwise being fully advised in the premises, hereby denies the *Motion*.

**BACKGROUND**

Plaintiff filed a civil rights complaint and a motion for leave to proceed in forma pauperis on May 4, 2015. [Doc. 1; Doc. 2] Magistrate Judge Karen B. Molzen entered an order to cure deficiency on May 6, 2015 requiring Plaintiff to submit a certified copy of his inmate account statement for the six-month period immediately preceding his filing as required by 28 U.S.C. § 1915(a)(2). [Doc. 4] The Court did not receive any response,

---

[1] While the title of his motion suggests that Plaintiff is seeking relief from our Tenth Circuit, he has filed his motion in this Court and specifically asks for relief from this Court. Accordingly, this Court addresses the motion.

1

and thus, on June 24, 2015, this Court dismissed the action for the failure to comply with statutory filing requirements. [Doc. 6] Plaintiff appealed the dismissal to our Tenth Circuit Court of Appeals, which ultimately affirmed the dismissal. [Doc. 18-1] However, before deciding the merits of the dismissal, our Tenth Circuit entered an order requiring Plaintiff to pay the $505.00 filing fee to the district court. The Order stated:

> Appellant's custodian shall deduct and pay to the clerk of the United States District Court for the District of New Mexico an amount equal to 20 percent of the greater of –
>
> A. the average monthly deposits to his account, or
>
> B. the average monthly balance in his account for the 6-month period immediately preceding filing of the notice of appeal in this case.
>
> In either event, appellant's custodian shall forward payments from appellant's account equal to 20 percent of the preceding month's income each time the account exceeds $10.00 until the filing fees are paid in full.

[Doc. 14]

In the motion currently before the Court, Plaintiff respectfully requests the Court "to refrain (stop) from deducting payments from money orders sent by family members." [Doc. 27, p.1] Plaintiff states that he "only consented to disbursement through earned income." [Doc. 27, p.1] Plaintiff asks the Court to reimburse his account or a particular family member for the fees which have already been deducted. [Doc. 27, p.1] Finally, Plaintiff asks the Court to email his facility custodian to "adjust this error." [Doc. 27, p. 2]

**ANALYSIS**

The Court construes Plaintiff's post-closure *Motion* as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b)(6) (governing motions for relief from a final judgment, order, or proceeding for "any other reason that justifies relief").

Plaintiff has been ordered, by our Tenth Circuit Court of Appeals, to comply with particular payment requirements. [Doc. 14] This Court is unable to make any ruling contravening the Court of Appeals' Order. *See Cherokee Nation v. State of Oklahoma*, 461 F.2d. 674, 678-89 (10th Cir. 1972) (describing the "rule that a lower court must follow the decision of a higher court at an earlier stage of the case"). Thus, this Court is unable to grant any relief to Plaintiff.

Furthermore, the relief Plaintiff requests is inconsistent with federal law, which requires Plaintiff "to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). "'Income' means all amounts deposited to the custodial account from whatever source." *Ballard v. Burrage*, 97 F.3d 382, 383 (10th Cir. 1996). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid." 28 U.S.C. § 1915(b)(2).

Accordingly, due to the binding order of our Tenth Circuit as well as the plain language of 28 U.S.C. § 1915(b)(2), Plaintiff's requests for this Court to stop deducting payments deposited into his account by his family and for reimbursement must be denied.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons, the Court hereby **DENIES** Plaintiff's *Motion* [Doc. 27]. In addition, the Court **ORDERS** the Clerk of the Court to serve a copy of this *Memorandum Opinion and Order* on Plaintiff's custodian.

**SO ORDERED** this 8th day of May, 2018 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
United States District Judge